UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | 5:07-CR-4 |
| | § | |
| ROBERTO GONZALEZ | § | |

## MEMORANDUM ORDER

The above-entitled and numbered criminal action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. The Report of the Magistrate Judge which contains her proposed findings of fact and recommendations for the disposition of such action has been presented for consideration. Defendant filed objections to the Report and Recommendation. The Court conducted a *de novo* review of the Magistrate Judge's findings and conclusions.

## REPORT AND RECOMMENDATION

On June 20, 2007, Defendant filed a Motion to Suppress Evidence. The motion was referred to the Magistrate Judge for the purpose of preparing a Report and Recommendation. The Magistrate Judge conducted a hearing on June 27, 2007. On July 9, 2007, the Magistrate Judge filed a Report and Recommendation, recommending that the District Court deny Defendant's Motion to Suppress Evidence.

## DEFENDANT'S OBJECTIONS

Defendant objects to the Magistrate Judge's Report and Recommendation. Specifically, Defendant objects to the Magistrate Judge's finding that Trooper Hogue had the authority to continue to detain Defendant upon completion of the traffic stop. Defendant asserts that the officer's authority ended when he returned Defendant's license to him with a warning ticket. Defendant points to the

portion of the Magistrate Judge's Report and Recommendation which provides as follows:

> Approximately six minutes after the initial stop, Hogue returned to Defendant's car and provided him with the warning (Tr. 21). Hogue also returned Defendant's driver's license and proof of insurance (Tr. 21). As Hogue returned Defendant's items to him, Hogue leaned into the open window on the passenger's side of the vehicle. Hogue continued to lean into the car with his elbows on the open window of the passenger's side of Defendant's car. After returning Defendant's items, Hogue started to 'converse' with or question Defendant about his trip (Tr. 22). Hogue testified that, at that time, Defendant would have been free to go if he had asked (Tr. 21-22). At that point, Hogue testified that he did not 'feel like [he] had enough to detain [Defendant].' (Tr. 22).

Report and Recommendation at pg. 4. Defendant asserts a reasonable person would not have felt free to leave with a state trooper leaning into his car.

Defendant further objects to the Magistrate Judge's finding that Defendant voluntarily consented to Trooper Hogue's search of his vehicle. Defendant asserts that his alleged consent was involuntary based on the circumstances surrounding his detention.

## *DE NOVO* REVIEW

The Court, having reviewed the Report and Recommendation, the parties' briefing, the videotape of the traffic stop, and Defendant's objections, agrees with the Magistrate Judge that the stop of Defendant's vehicle was valid. The Court also agrees with the Magistrate Judge that the officer's subsequent actions were reasonably related in scope to the circumstances that justified the stop. Given Hogue's suspicions regarding the notepad covered up by Defendant in the glovebox, after returning Defendant's items to Defendant, Hogue continued to lean with his elbows into the passenger's side window of Defendant's car, asking Defendant about his travel plans. The questions were specifically related to Hogue's suspicions regarding the notepad and Defendant's earlier explanations regarding the name and/or number written on the notepad. Hogue testified Defendant's

answers to these additional questions did not satisfy Hogue's suspicions, but rather increased them. Specifically, Hogue asked Defendant if he was in Texas for a visit, and Defendant responded that he was going to visit his aunt. Hogue asked Defendant if his aunt was expecting him, and Defendant replied "no." This further raised Hogue's suspicions because Hogue felt it was unlikely that a person would travel from Illinois to Texas to visit a relative and not tell that relative that they were coming.

After distinguishing several cases outlined in the Report and Recommendation, the Magistrate Judge found the detention of Defendant ended as soon as Hogue returned Defendant's items. In his objections, Defendant asserts a reasonable person would not have felt free to leave with a state trooper leaning into the vehicle. However, the Magistrate Judge, after distinguishing the facts of this case with several cases relied upon by Defendant, specifically assumed Hogue extended the detention after returning Defendant's items to him. Even making this assumption, the Magistrate Judge found Hogue had "reasonable suspicion based on articulable facts that [Defendant] was involved in drug trafficking." *United States v. Sanchez*, 2007 WL 1191180 (5th Cir. 2007)(unpublished). According to the Magistrate Judge, Hogue had reasonable suspicion that criminal activity was afoot, and that suspicion increased throughout the encounter until Defendant consented to the search. Specifically, the Magistrate Judge noted that Hogue's suspicions were aroused by the existence of the notepad in the glove box which Defendant immediately covered with another piece of paper that had fallen out of the glove box onto the floorboard (Tr. 16); Defendant acted nervous when questioned about the notepad and first responding that he did not know what it was (Tr. 17); Defendant stuttered a lot and had to think of something to say; Defendant then explained that he had written cities and where he had gotten gas on the notepad; Defendant also stated his wife's aunt's name and phone number may also be written on the notepad, but later stated

the number was his aunt's. The Magistrate Judge also noted Hogue's testimony that from his experience, when he has found contraband and currency, he has oftentimes also found names, cities, and numbers relating to gas in gas tanks (Tr. 18-19). "The Supreme Court has emphasized the importance of allowing officers to draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that might well elude an untrained person." *United States v. Brigham*, 382 F.3d 500, 507 (5th Cir. 2004).

The Court agrees with the Magistrate Judge that there is nothing in the record to show or suggest that Hogue improperly prolonged the stop in order to obtain consent to search. Rather, the evidence shows that Hogue acted responsibly in resolving the reasonable suspicion that continued to emerge during the stop. Hogue's actions under the totality of the circumstances were reasonable, and Defendant's continued detention did not violate the Fourth Amendment.

Finally, the Court agrees with the Magistrate Judge that Defendant freely and voluntarily consented to the search of his vehicle. The undersigned is of the opinion that the findings and conclusions of the Magistrate Judge are correct and hereby adopts same as the findings and conclusions of this Court. Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Suppress Evidence (Dkt. No. 13) is **DENIED**.

**SIGNED this 30th day of July, 2007.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE